UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION



FILED

AUG 2 9 2007

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| CANDICE WALN-CHASING HAWK, on behalf of the ESTATE OF AALIYAH GRACE IRON SHELL,  Plaintiff,  v.  UNITED STATES DEPARTMENT OF INTERIOR, an agency of the, United States Government and the UNITED STATES OF AMERICA,  Defendants. | * * * * * * * * * * * * * * * * | CIV 06-3016  OPINION AND ORDER |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff filed a motion, Doc. 10, to amend the complaint to add parties. I advised plaintiff by memorandum on November 28, 2006, that parties cannot be added merely by amendment and that she had to proceed under Fed. R. Civ. P. 21. She subsequently filed a motion, Doc. 13, to join parties. I raised several concerns in my memorandum of January 3, 2007, Doc. 26. Plaintiff withdrew the motions and thereafter filed a motion to amend the complaint and to substitute parties, Doc. 32. Plaintiff subsequently filed a notice of filing error as to that motion and filed a motion to amend Doc. 35, to allow the substitution of Viola G. Waln as administrator of the estate of Aaliyah Grace Iron Shell as the real party in interest and to amend the complaint pursuant to Fed. R. Civ. P. 15(a). Again the plaintiff filed a notice of filing error as to that motion.

Plaintiff has now filed a fourth motion, Doc. 38, to substitute Viola G. Waln as administrator of the estate of Aaliyah Grace Iron Shell as the real party in interest and to amend the complaint pursuant to Fed. R. Civ. P. 15(a). The government opposes the motion.

This is a federal tort claim arising out of the death of Aaliyah Grace Iron Shell on April 29, 2003, allegedly as a result of the negligence of the defendant or its agents and employees of

the Rosebud Indian Health Services Hospital.  Candice Waln-Chasing Hawk is the mother of the deceased child, Aaliyah.  A rather inartful complaint was filed seeking damages for the wrongful death of Aaliyah, for the pain and suffering she endured prior to death, and for the funeral expenses.  Viola G. Waln, the child's grandmother, is in fact the personal representative of Aaliyah's estate and, therefore, the person who, under state law, is authorized to litigate wrongful death actions.

The government contends that the motion should be denied as futile because the administrator did not timely file an administrative claim on behalf of the estate.  Only the child's mother filed an administrative claim.

Waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." United States v. Mitchell, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980).  "A necessary corollary of this rule is that when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed and exceptions thereto are not to be lightly implied."  Block v. North Dakota, 461 U.S. 273, 287, 103 S.Ct. 1811, 1819, 75 L.Ed.2d 840 (1983).  *See also*, Soriano v. United States, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957).

One limitation of the FTCA's waiver of sovereign immunity is the requirement that any such claim must be exhausted, that is, presented to the appropriate federal agency, 28 U.S.C. § 2675(a), within two years after the claim accrues, 28 U.S.C. § 2401(b).  A claimant satisfies the notice requirement of 28 U.S.C. § 2675 if she provides in writing (1) sufficient information for the agency to investigate the claims, and (2) the amount of damages sought.  Farmers State Sav. Bank v. Farmers Home Admin., a Div. of the U.S. Dept. of Agriculture, 866 F.2d 276, 277 (8th Cir. 1989).

The government does not contend that a claim was not presented, but rather that Viola Waln, as personal representative of Aaliyah's estate, failed to timely present a claim.  The government argues that, pursuant to 28 CFR § 14.3(c):

> A claim based on death may be presented by the executor or administrator of the decedent's estate, or by any other person legally entitled to assert such a claim in accordance with applicable State law.

Under state law,

> Every action for wrongful death shall be for the exclusive benefit of the wife or husband and children, or if there be neither of them, then of the parents and next of kin of the person whose death shall be so caused; and it shall be brought in the name of the personal representative of the deceased person.

SDCL § 21-5-5.

The government contends that Waln-Chasing Hawk was not the personal representative of Aaliyah's estate, that Viola Waln never filed an administrative claim on behalf of Aaliyah's estate, and therefore Viola Waln is not entitled to bring a federal tort claim on behalf of Aaliyah's estate for wrongful death.

The United States Court of Appeals for the Eighth Circuit has never addressed whether failure to comply with 28 C.F.R. § 14.3(c) is a jurisdictional prerequisite to maintaining a federal tort claim. Former Senior Judge Donald Porter held that it is not.

> The regulations at issue were promulgated pursuant to 28 U.S.C. § 2672, the section granting the Federal agencies the authority to settle claims brought against them. According to the *Adams* court, these regulations were not intended to be jurisdictional in nature, but rather were to describe the procedures that must be followed before settlement can occur. *Adams*, 615 F.2d 284. Under this approach, whether [plaintiff] complied with settlement prerequisites would not affect this Court's jurisdiction over the action brought in federal court.

Dykes v. United States, 794 F.Supp. 334, 336-37 (D.S.D. 1992). Judge Porter cited the Fifth Circuit's opinion in Adams v. United States, 615 F.2d 284, 288 (5th Cir. 1980), for its holding that the notice requirements of the Federal Tort Claims Act are not to be read in light of the regulations contained in 28 C.F.R. § 14.3.

Senior Judge Richard Battey of the Western Division of the District of South Dakota issued an unpublished opinion adopting Dykes in Jackson v. United States, 2005 WL 1277932, CIV 04-5064 (January 27, 2005).

Wrongful death claims are instituted for the benefit of all the statutory beneficiaries. In re Estate of Howe, 2004 SD 118, ¶ 23, 689 NW2d 22, 28. One of those beneficiaries, the child's mother, filed an administrative claim arising out of the death of Aaliyah. The government does not contend that it did not have notice of the claim pursuant to 28 U.S.C. § 2675. The motion to substitute the personal representative as plaintiff was filed within six months of the denial of the

administrative claim as required by 28 U.S.C. § 2401(b). Substitution will therefore not violate any statute of limitations.

Now, therefore,

IT IS ORDERED that the motion, Doc. 38, to substitute Viola G. Waln as the plaintiff, in her capacity as personal representative of the estate of Aaliyah Grace Iron Shell, deceased, and to file an amended complaint is granted.

Dated this 29th day of August, 2007.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
                    DEPUTY
(SEAL)